Brian Procel (Cal. Bar No. 218657)
Brian@Procel-Law.com
Marty Pritikin (Cal. Bar No. 210845)
Marty@Procel-Law.com
Jeremiah Levine (Cal. Bar No. 288377)
Jeremiah@ProcelLevine.com
**PROCEL LEVINE LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

*Attorneys for Erica Vago and Joseph Vago*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA VAGO and JOSEPH VAGO,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 25-CV-11348<br><br>**ERICA VAGO AND JOSEPH VAGO'S APPLICATION UNDER LOCAL RULE 79.5.2.2 FOR LEAVE TO FILE PORTIONS OF COMPLAINT UNDER SEAL** |

## I. INTRODUCTION

Pursuant to Local Rule 79-5.2.2, Erica Vago and Joseph Vago ("Plaintiffs") hereby apply for leave to file under seal an unredacted version of their Complaint against Bank of America, N.A. ("Complaint") attached hereto as Exhibit C. In the redacted version of the Complaint (attached as Exhibit A), Plaintiffs have blacked out portions of the Complaint that contain information marked "confidential" under a protective order entered in an action pending in the Central District Bankruptcy Court (the "Protective Order," attached as Exhibit B). Plaintiffs respectfully request that the Court seal the unredacted version of the Complaint.

## II. FACTUAL BACKGROUND

The Complaint alleges as follows: Defendant Bank of America, N.A. ("Defendant") and Leslie Klein conned Plaintiffs out of more than $10 million. In 2012, Plaintiff Erica Vago's brother died, leaving Erica approximately $18 million. Leslie Klein, a longtime and close family friend of the Vagos who held himself out as an attorney and accountant, promised that he could probate, invest, and otherwise take care of the Vagos inheritance. The Vagos trusted Klein, in part because he mentioned holding the Vagos' money in his client trust account at Bank of America. The association with Bank of America gave Klein an air of legitimacy.

Over the next seven years, Bank of America knowingly assisted Klein as he conned the Vagos out of more than $10 million.

In 2019, Klein confessed to the Vagos that their money was gone. *Id.* In 2020, the Vagos sued Klein in Los Angeles County Superior Court to recover their money. In December 2022, the jury ultimately found Klein liable at trial for intentional misrepresentation, concealment, financial abuse, breach of fiduciary duty, and intentional infliction of emotional distress, and awarded the Vagos more than $24 million, including $8,300,000 in punitive damages. However, to date, the Vagos have not recovered a penny of their money from Klein.

1  In February 2023, Klein filed for bankruptcy in *In re Leslie Klein*, 2:23-bk-109990-SK (the "Bankruptcy"). The Vagos (along with Klein's other creditors) have yet to receive any distributions from Klein's bankruptcy estate. Klein's Bank of America bank records (the "Bank Records") were marked "confidential" under the Protective Order in the Bankruptcy. (Declaration of Jeremiah Levine ("Levine Decl.") ¶ 4.) That designation prohibits public disclosure of the Bank Records. (*Id.*) Information gleaned from Klein's bank records is the sole redacted text in the Complaint. (*Id.* ¶ 5.)

## III. THERE IS GOOD CAUSE TO SEAL THE UNREDACTED VERSION OF THE COMPLAINT

A party must show "compelling need" to warrant sealing of information in a potentially case-dispositive filing. *SDI Labs, Inc. v. Sameday Techs., Inc.*, 2023 WL 10407399, at *1 (C.D. Cal. Sept. 18, 2023). If a party's filing information publicly would subject the party to legal action, the compelling need standard is satisfied. *Id*.

Plaintiffs have demonstrated compelling need for sealing. The unredacted version of the Complaint—which is the version Plaintiffs seek to seal—includes information that is subject to the Protective Order. (Levine Decl. ¶ 5.) Using that information publicly here would breach the Protective Order and subject Plaintiffs to citation for contempt of court. *See SDI Labs, Inc*. *See also Hubrick Ltd. v. Wanderset, Inc.*, 2019 WL 3000652 at *4 (C.D. Cal March 19, 2019) (holding that sealing was warranted because unsealed filing would subject filer to risk of lawsuit for breaching confidentiality agreement).

Plaintiffs asked the Trustee for permission to file the Complaint, including the allegations based on Klein's bank records. (Levine Decl. ¶ 6.) The Trustee requested that Plaintiffs seek to file the facts obtained from "confidential" records under seal. (*Id.*) Plaintiffs have complied with the Trustee's request by filing this application.

3

## IV. CONCLUSION

Plaintiffs respectfully request that the Court order that the unredacted version of the complaint remain under seal.

                */s/*
                Brian Procel
                Marty Pritikin
                Jeremiah Levine
                **PROCEL LEVINE, LLP**
                401 Wilshire Blvd, Fl 12
                Santa Monica, CA 90401-1456
                Phone: 424-788-4538

                Attorneys for Plaintiffs
                Joseph Vago and Erica Vago